UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯X

ANTONINO BUSSA,                                                  NOT FOR PUBLICATION
                                                                **MEMORANDUM AND ORDER**
                              Plaintiff,                         11-CV-6387 (CBA)(LB)

          -against-

HENAN MEIYA CULTURAL & COMMERCIAL
DEVELOPMENT COMPANY.

                              Defendant.
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯X

**AMON, Chief United States District Judge**:

On December 29, 2011, plaintiff filed this *pro se* action alleging employment

discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-

12117 by the defendant.  Plaintiff's request to proceed *in forma pauperis* is granted pursuant to

28 U.S.C. § 1915 solely for the purpose of this Order.  Plaintiff is directed to show cause by

written affirmation, filed within 30 days from the date of this Order, why his ADA claim should

not be dismissed.

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis*

action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief."  The Court construes plaintiff's pleadings liberally particularly because they

allege civil rights violations.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v.

Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Plaintiff, a resident of Staten Island, New York, alleges that in September 2011 he applied

to teach English in China with a company located in Zhengzhou, China. (Compl. ¶ 8.)  He was

1

hired by an agent named "Maryhan." (Id.)  On September 9, 2011, plaintiff, who has cerebral

palsy, informed the agent that he has a "mild physical disability." (Id. ¶¶ 7-8.)  In November

2011, plaintiff traveled to China and met with "school leader Vicky in Jiaozhou, China" who told

him that he could not teach English in China because he had a physical disability of which she

had not been informed. (Id. ¶ 8.)  Plaintiff returned home on December 5, 2011. (Id.)  He was

not reimbursed for any travel expenses.  He filed a claim with the Equal Employment

Opportunity Commission ("EEOC") regarding the defendant's alleged discriminatory conduct on

December 15, 2011 and was issued a right to sue letter by the EEOC on December 27, 2011. (Id.

¶ 10; See Attachment, EEOC "Dismissal and Notice of Rights.")

    Title I of the ADA makes it unlawful for any employer to "discriminate against a

qualified individual on the basis of disability in regard to job application procedures, the hiring,

advancement, or discharge of employees, employee compensation, job training, and other terms,

conditions, and privileges of employment."  42 U.S.C. § 12112(a).  The ADA defines an

employer as "a person engaged in an industry affecting commerce who has 15 or more employees

for each working day in each of 20 or more calendar weeks in the current or preceding calendar

year, and any agent of such person."  42 U.S.C. § 12111(5)(A).  The ADA does not apply to

employment actions taken outside the United States by foreign employers, unless the foreign

employer is "controlled" by an American employer.  42 U.S.C. 12112(c)(2)(B); Ofori-Tenkorang

v. American Int'l Gp., Inc., 460 F.3d 296, 303 n.6 (2d Cir. 2006).

    In this case, it appears from the complaint that defendant is a foreign corporation located

in Zhengzhou, China, and there is no indication that defendant is "controlled" by an American

employer.  The alleged adverse employment action also took place outside the United States.

Thus, the ADA does not apply to defendant, plaintiff has failed to state a claim on which relief may be granted, and the complaint should be dismissed without prejudice.  28 U.S.C. § 1915(e)(2)(B)(ii).  However, in an abundance of caution and given plaintiff's *pro se* status, he is afforded thirty days to show cause why his complaint should not be dismissed.   If plaintiff fails to show cause within the thirty days afforded, the complaint shall be dismissed without prejudice.

Plaintiff is hereby directed to show cause why his complaint should not be dismissed within thirty (30) days from the date of this Order.  Plaintiff's response should be titled "Response to Order to Show Cause," bear docket number 11-CV-6387 (CBA).  All further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this Order.  If plaintiff fails to respond to this Order within thirty days, the complaint shall be dismissed without prejudice.  If submitted, plaintiff's response shall be reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____/s/_____

Dated: Brooklyn, New York          Carol Bagley Amon
       February 6, 2012            United States District Judge

3