FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 13 2012

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————————X

ANTONINO BUSSA,

                          Plaintiff,

              -against-

HENAN MEIYA CULTURAL & COMMERCIAL
DEVELOPMENT COMPANY.

                          Defendant.

——————————————————————————X

NOT FOR PUBLICATION
**MEMORANDUM**
**AND ORDER**
11-CV-6387 (CBA)(LB)

**AMON, Chief United States District Judge**:

On December 29, 2011, plaintiff filed this *pro se* action alleging employment

discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-

12117. By Order dated February 6, 2012, plaintiff was directed to show cause by written

affirmation why his ADA claim should not be dismissed. On February 17, 2012, plaintiff filed a

timely response. For the reasons set forth below, the action is dismissed.

**Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis*

action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief." However, a court must construe a *pro se* litigant's pleadings liberally. See

Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010).

**Discussion**

Plaintiff brings this ADA claim against defendant, a foreign corporation located in

Zhengzhou, China, alleging that after he was hired by defendant's agent in the United States to

teach English in China. When he traveled to China to report for work defendant told him that he

1

could not teach because he has a physical disability.

The Court explained in its February 6, 2012, order that the ADA does not apply to employment actions taken outside United States by foreign employers, unless the foreign employer is "controlled" by an American employer. See 42 U.S.C. 12112(c)(2)(B); Ofori-Tenkorang v. American Int'l Gp., Inc., 460 F.3d 296, 303 n.6 (2d Cir. 2006). The Court directed plaintiff to show cause within thirty (30) days why his complaint should not be dismissed on the grounds that the ADA does not apply to the foreign defendant.

Plaintiff's response to the order to show cause does not provide any additional information to support a finding that defendant is a domestic corporation or that defendant is "controlled" by an American employer. Plaintiff argues only that because defendant hires Americans from the United States, it should be required to abide by the laws of the United States. Although the Court is not insensitive to plaintiff's situation, the ADA does not apply extra-territorially to the alleged conduct in this case, which occurred exclusively in China by a Chinese corporation. Thus, plaintiff has failed to state a claim on which relief may be granted and the action is dismissed. 28 U.S.C. § 1915 (e)(2)(B)(ii).

**Conclusion**

The action is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 12, 2012

Carol Bagley Amon
United States District Judge